5556. BAINBRIDGE GROCERY CO. *v.* CITY GROCERY CO.

No material error was committed in the trial, and the verdict being fully authorized by the evidence, this court will not interfere with the discretion of the trial judge in refusing a new trial.

DECIDED SEPTEMBER 23, 1914.

Complaint; from city court of Miller county—Judge Greer. February 7, 1914.

*P. D. Rich,* for plaintiff.

RUSSELL, C. J. The Bainbridge Grocery Company brought suit on an open account for $105.18 against the City Grocery Company, alleging it to be a partnership composed of E. S. Radney, J. S. Thompson, and Mrs. Belle Thompson. The name of Mrs. Thompson was stricken, and Radney filed a plea of "no partnership," but admitted liability in the sum of $40.85 (by reason of the fact that he had guaranteed the payment of that amount), and stated that he was willing to pay that amount "if the money can not be made out of J. S. Thompson, the party whose payment on said account defendant guaranteed." On the trial a traveling salesman of the Bainbridge Grocery Company testified that Radney and Thompson told him that Radney was a member of the firm of City Grocery Company, and that it was solely on the faith his company had in Radney that the goods were shipped. Radney testified that he had no connection with the City Grocery Company; that he did not order any goods for that store; that he had never told the salesman for the Bainbridge Grocery Company that he was a partner, and that the only time he had ever had any connection with the transaction sued on was when the salesman insisted on his helping Thompson, and he had agreed to stand good for the one shipment of $40.85. There was introduced in evidence a letter from

Radney to the plaintiffs, as follows: "As I have been in bed sick all the week and have not been able to collect accounts that is due the City Grocery Company puts me in poor shape to send check, but if you will wait until 3rd you may look for part or all sure. If you can not wait, of course I can not help myself. I have done lots of business with you and have never beat you out of one cent. [Signed] E. S. Radney." Radney explained this letter by saying that he had bought feed stuff from the Bainbridge Grocery Company and told them to ship it to the City Grocery Company and charge it to him. The only other evidence introduced was the testimony of Thompson, who admitted the correctness of the account as against the City Grocery Company, but stated that Radney was not a partner of his when the goods were shipped, and had not been for more than a month prior to the first shipment. He testified that he thought he told Mr. McDuffie (the salesman) once that Radney was a partner, but that he was positive that he did not tell him so when the first order was given, and that Radney was not a partner at that time. The jury found the following verdict: "We, the jury, find that E. S. Radney is not a member of the partnership alleged. We find in favor of the plaintiff against the City Grocery Company and J. S. Thompson, and against E. S. Radney in favor of the plaintiff for the sum of $40.85 and interest." The plaintiff filed a motion for a new trial, and excepts to the refusal of the motion.

It is sufficient to say that we do not consider that there is substantial merit in any of the exceptions to the rulings or charge of the court. While the charge might have been more full on some of the issues, it covered the contentions of the parties sufficiently for the jury to understand the law covering the material issues; and, in the absence of any requests to charge, can not be said to have so injuriously affected the plaintiff as to require the grant of a new trial. After all, the important issues were of fact, and the jury seemed to have believed that the preponderance of the evidence was on the side of the defendant. We do not consider it necessary to discuss here the law of partnership. We construe the verdict as finding against the City Grocery Company and J. S. Thompson for the full amount sued for, as they were correctly instructed to do, and against Radney for the amount for which he admitted he was liable as guarantor, to wit, $40.85. The fact

that the jury found this amount against Radney might have given him the right to complain, but certainly affords the plaintiff no ground for exception. As we see it, the court did not err in refusing the grant of a new trial. *Judgment affirmed. Roan, J., absent.*